UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ADAMS,

       Petitioner,

                              CASE NO. 2:13-CV-10735

   v.                        HONORABLE GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

LINDA TRIBLEY,

       Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

       John Adams, ("petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for 13 counts of child sexually abusive activity (CSAA), M.C.L.A. 750.145c(2), and two counts of third-degree criminal sexual conduct (CSC III), M.C.L.A. 750.520d(1)(a)(sexual penetration with a person between the ages of 13 and 16). For the reasons stated below, the petition for writ of habeas corpus is DENIED.

## I. Background

       Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

-1-

The evidence presented established that from 1998 to 2005, defendant lured various girls aged 14-17 into his house by allowing them to drink alcohol, smoke cigarettes, and ingest drugs at his house.  It was further revealed that defendant would purchase the aforementioned illegal substances for the various underage girls, purchase cell phones for the girls, allow the girls to use his car, and give the girls cash in exchange for the girls allowing defendant to videotape them while they posed nude. Several of the underage girls also testified that defendant would give them extra money if they recruited new girls to come pose for him.

*People v. Adams,* No. 272751, 2008 WL 203653, at *5 (Mich. Ct. App. Jan. 24, 2008).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 483 Mich. 893, 760 N.W. 2d 461 (2009).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* which the trial court denied. *People v. Adams*, No. 05-201551-FH, Op. & Order (Oakland County Cir. Ct. Nov. 30, 2010).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Adams,* No. 307427, Order (Mich. Ct. App. June 12, 2012); *lv. den.* 493 Mich. 892, 822 N.W. 2d 555 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The use of amended statute MCL 750.145c in this case violates petitioner's constitutionally protected rights against *ex post facto* application of the law.  In addition MCL 750.145c is void for vagueness thus violating the 1st and 14th Amendments.

II. The petitioner was denied the effective assistance of trial counsel when appointed defense counsel was conflicted, failed to adequately present available defense(s) and his counsel fell below an objective standard of reasonableness, violating petitioner's constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

III. Petitioner was denied under the Fifth, Sixth and Fourteenth Amendments his constitutional right to effective assistance of appellate counsel where appellate counsel refused to investigate, research, issues supplied by petitioner and to request full documentation and transcripts to properly file petitioner's appealable issues in appeal of right and insure

indigent client had copies of these same 'tools' to file in propria persona.

IV. Is the trial court required by the Due Process Clause and Equal Protection Clauses of Michigan and United States Constitutions, to provide transcripts of hearings and copies of motions, briefs to indigent defendants on appeal[?]

V. Petitioner was denied effective assistance of counsel, due process, fair trial confrontation of states proofs, by the action of the prosecutor, all rights that are guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and similar rights under Michigan Constitution.

VI. Petitioner was denied due process, fair trial, quick and speedy trial, effective assistance of counsel, confrontation of [the ] state's proofs and other rights under Michigan and United States Constitutions by the actions of the trial court.

VII. The trial court committed reversible error when it denied petitioner's pre-trial motion for severance thus denying petitioner's right to a fair trial.

VIII. Petitioner was denied due process of law and a fair trial where the prosecutor failed to prove guilt beyond a reasonable doubt.

IX. It was an abuse of discretion for trial judge to first compel petitioner to trial with appointed defense attorney who sabotaged defense because relationship was completely hostile to petitioner.  Second upon realizing petitioner's accusations had merit, not to stop trial and inquire of counsel as to petitioner's accusations.

X. Petitioner was denied a properly instructed jury the jury instructions as given violated due process and a fair trial defense attorney was ineffective in a failure to protect petitioner's right to due process and a fair trial by allowing the jury to be misinformed as to the elements of the offense violating petitioner's Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and similar rights under the Michigan Constitution.

XI. Petitioner's sentence was invalid because it was based on inaccurate information, improper scoring of the legislatively imposed sentencing guidelines, use of improper burden of proof and insufficient fact, and petitioner was represented by ineffective counsel, therefore violating petitioner's due process and Sixth Amendment rights guaranteed by the United States and Michigan Constitutions.

-3-

XII. The trial court abused its discretion when it failed to grant relief on the basis of entrapment.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

-4-

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III.  Discussion

**A.  Claims ## 2, 3, 5, 6, 9, 10, and 12. The procedurally defaulted claims.**

The Court will discuss petitioner's procedurally defaulted claims together for judicial economy and clarity.  Respondent claims that six of petitioner's claims are procedurally defaulted for various reasons.  The Court will also discuss petitioner's third claim alleging ineffective assistance of appellate counsel because petitioner attempts to use this claim to excuse the default of several of his claims.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a habeas petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

-6-

Respondent first contends that Claims # 2, 5, 6, and 9 are procedurally defaulted because they were raised for the first time in petitioner's post-conviction motion for relief from judgment and petitioner failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). M.C.R. 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Supreme Court noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that the defendant failed "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention the petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to

whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The trial court judge, in denying petitioner's post-conviction motion, cited to M.C.R. 6.508(D)(3)(a) and ruled that petitioner failed to establish good cause for not raising his claims on direct appeal. *People v. Adams,* No. 05-201551-FH, * 5. The judge further noted that petitioner failed to allege that some external factor prevented him from raising these claims in the *pro se* Standard 4 brief that petitioner filed on direct appeal along with appellate counsel's brief. *Id.* The Court further concluded that petitioner was unable to show actual prejudice, as required under M.C.R. 6.508(D)(3)(b) necessary to support his post-conviction motion. *Id.* at 6. Because the trial court judge clearly denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's second, fifth, sixth, and ninth claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007).[1]

Petitioner alleges in his third claim the ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right

---

[1]Petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette,* 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v.*

*Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[a] brief that raises every colorable issue runs the risk of burying good

arguments-those that, in the words of the great advocate John W. Davis, 'go for the

jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 753.

(citations omitted).

> The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring an [ineffective assistance of counsel] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are

"properly left to the sound professional judgment of counsel." *United States v. Perry*,

908 F.2d 56, 59 (6th  Cir. 1990).  In fact, "the hallmark of effective appellate advocacy"

is the "process of 'winnowing out weaker arguments on appeal and focusing on' those

more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at

751-52).  "Generally, only when ignored issues are clearly stronger than those

presented will the presumption of effective assistance of appellate counsel be

overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel

may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 865, 870 (E.D. Mich. 2003).

Petitioner fails to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his second, fifth, sixth, and ninth claims.

Appellate counsel filed an appellate brief containing two issues and then submitted a supplemental brief raising two additional issues.[2]  Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).

Because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that

---

[2] *See* Defendant-Appellant's Brief on Appeal; Defendant-Appellant's Supplemental Brief on Appeal. [This Court's Dkt. # 11-27].

lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

More importantly, this Court notes that in addition to the appellate brief filed by appellate counsel, petitioner filed a thirty six page supplemental Standard 4 *pro per* brief raising thirteen issues on his appeal of right before the Michigan Court of Appeals.[3] Petitioner did not present any of his defaulted issues that he would subsequently raise for the first time on his post-conviction motion for relief from judgment on direct appeal.[4] Petitioner took advantage of the opportunity pursuant to the Michigan Court Rules to file a supplemental appellate brief to raise thirteen claims that had not been raised by his appellate counsel, yet failed to include what make up his second, fifth, sixth, or ninth claims contained within his habeas petition. Petitioner has offered this Court no explanation why he failed to raise these claims in his supplemental *pro per* brief that he filed as part of his direct appeal. Because petitioner has offered no reasons for his failure to include these claims in his supplemental *pro per* brief on his direct appeal, he has failed to establish cause to excuse the default of these claims. *See Rockwell v.*

---

[3]*See* Defendant's Pro Per Standard 4 Appellate Brief [This Court's Dkt. # 11-27] and Motion to Remand For Evidentiary/ Ginther Hearing. [This Court's Dkt. # 11-31].

[4]Petitioner concedes that the defaulted claims were first raised in his motion for relief from judgment. Petitioner somewhat inconsistently alleges that Claim 2 was raised in his supplemental Standard 4 Brief; however, the issue raised before the Michigan Court of Appeals alleged ineffective assistance of counsel without any particular grounds, claiming that the specific grounds could not be ascertained without petitioner being provided the trial transcripts. The claims raised in petitioner's habeas petition pertaining to trial counsel's representation were not raised on the direct appeal. The full and fair presentment of claim in state court, as a prerequisite for seeking federal habeas review, requires more than a mere passing reference to the constitutional issue; instead, the petitioner must have placed both the operative facts and the controlling legal principles before the state courts. *See U.S. ex rel. Blottiaux v. McAdory,* 264 F. Supp. 2d 704, 708 (N.D. Ill. 2003). Because petitioner's ineffective assistance of counsel claim brought on direct appeal alleges that petitioner was precluded from bringing his claim without reviewing the transcripts for error and his habeas petition alleges claims in connection with the calling of witnesses, allegations made against trial counsel in a conclusory fashion would be insufficient to satisfy the exhaustion requirement. *See e.g. Hammock v. Walker,* 224 F. Supp.2d 544, 548 (W.D.N.Y. 2002).

*Palmer,* 559 F. Supp. 2d 817, 834 (W.D. Mich. 2008)(habeas petitioner did not show any cause for his failure to raise on direct appeal his claim of ineffective assistance of trial counsel, where petitioner had filed two briefs on his own behalf raising other claims that had not been asserted by his appellate counsel, but he offered no explanation for his failure to raise the ineffective assistance claim at the same time).

Petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

In his tenth claim, petitioner alleges that his due process rights were violated when the trial judge failed to *sua sponte* give the jurors a cautionary instruction on drug addict testimony.

Respondent contends that this claim is procedurally defaulted because trial counsel expressed satisfaction with the jury instruction and the Michigan Court of Appeals ruled that counsel's satisfaction with the instruction waived review of the claim. *Adams,* 2008 WL 203653, at * 1.

Where a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, the claim of error regarding the issue is waived for appellate review. *See People v. Carter,* 462 Mich. 206, 219, 612 N.W. 2d 144 (2000). Because the Michigan Court of Appeals relied on counsel's expression of approval of the jury instructions as given to reject petitioner's claim, the issue is procedurally defaulted. *See McKissic v. Birkett,* 200 Fed. Appx. 463, 471 (6th Cir. 2006).

-12-

Petitioner claims that his trial counsel was ineffective for failing to request an instruction on drug addict testimony.  Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

The Michigan Court of Appeals determined that as a matter of state law, petitioner was not entitled to an instruction on "addict testimony" due to lack of any support for such an instruction. *Adams,* 2008 WL 203653, at * 1. The Michigan Court of Appeals found that the testimony given by the witnesses fell short of supporting petitioner's contention that the witnesses were drug addicts. *Id.* at 7.

In analyzing petitioner's claim that counsel was ineffective for failing to request such an instruction, this expression of state law is binding on this Court. *See Strayhorn*

*v. Booker,* 718 F. Supp. 2d 846, 870 (E.D. Mich. 2010)(internal citations omitted). Because petitioner's proposed instruction was inappropriate under state law, counsel was not ineffective for failing to request such an instruction. *Id; see also Mitzel v. Tate,* 267 F. 3d 524, 538 (6th Cir. 2001). Because counsel was not ineffective, petitioner failed to show cause to excuse the default of his tenth claim.

Petitioner's twelfth claim is procedurally defaulted because it was never presented to the state courts and petitioner has no remedy with which to exhaust this claim.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picardy v. Connor,* 404 U. S. 270, 275-78 (1971).  A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his or her available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005).

Unfortunately, petitioner no longer has any available state court remedies with which to exhaust this claim.  Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed. Appx. 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).  Petitioner has no remaining state court remedies with which to exhaust his claim.  If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be

-14-

dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust.  However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).  A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, n. 3.  Petitioner has failed to establish cause to excuse his default.  While ineffective assistance of appellate counsel might excuse petitioner's failure to raise this claim on his direct appeal, it does not excuse petitioner's own failure to correctly exhaust this claim in his post-conviction motion for relief from judgment. *See Gadomski v. Renico*, 258 Fed. Appx. at 784.

Petitioner has not alleged or demonstrated any cause for his procedural defaults. It is unnecessary to reach the prejudice issue regarding his defaulted claims. *Smith*, 477 U.S. at 533; See also Harris v. Stegall, 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001). Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider petitioner's defaulted claims as grounds for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declines to review petitioner's procedurally defaulted claims on the merits. *Harris v. Stegall,* 157 F. Supp. 2d at 751.

Petitioner is not entitled to habeas relief on Claims 2, 3, 5, 6, 9, 10, and 12.

-15-

### B. Claim # 1. *Ex Post Facto* Clause/void for vagueness claim.

Petitioner claims that application the amended version of M.C.L.A. 750.145c violated his due process rights under the *Ex Post Facto* Clause of the federal constitution. Petitioner further claims that the statute is void for vagueness.

Petitioner claims that the trial judge violated the *Ex Post Facto* Clause of the United States Constitution by using an amended version of M.C.L.A. 750.145(c)(1), which in 2003 added the term video to the list of methods used to produce child sexually abusive material. Prior to March 2003, the methods listed were by way of photograph, film, slide, electronic visual image, computer diskette or sound recording, book, magazine, or other visual or print medium or sound recording.

Article 1, § 10 of the United States Constitution prohibits states from passing *ex post facto* laws. The *Ex Post Facto* Clause prohibits any law which: 1) makes an act which had previously been innocent a criminal act; 2) aggravates a crime and makes it more serious than it was when it was committed; 3) changes the punishment and inflicts a greater punishment for the crime than when it was committed; or 4) alters the legal rules of evidence and requires less or different testimony or a lesser quantum of evidence to convict the defendant than was required at the time that the crime was committed. *See Carmell v. Texas*, 529 U.S. 513, 522 (2000)(citing to *Calder v. Bull,* 3 U.S. 386, 390 (1798)). To fall within the *ex post facto* prohibition, a law must be retrospective, *i.e.*; "it must apply to events occurring before its enactment" and it "must disadvantage the offender affected by it." *Weaver v. Graham,* 450 U.S. 24, 29 (1981). If a revision merely clarifies the statute without altering it, then the *Ex Post Facto* Clause is not implicated. *See Bocian v. Godinez*, 101 F.3d 465, 472 (7th Cir. 1996).

-16-

The Michigan Court of Appeals rejected petitioner's claim finding:

> We conclude that the addition of the term "video" is simply a clarification term expanding on the terminology "film," and "electronic visual image," which was added simply to keep up with technological advances. Defendant would still be convicted under the 1978 version of MCL 750.145c for making either films or electronic visual images of children engaging in sexual acts. Accordingly, the amended version of MCL 750.145c did not make it easier to convict defendant of a violation of the statute for videotaping the complainants, and therefore, defendant's rights against ex post facto punishment were not violated in this instance.

*People v. Adams*, 2008 WL 203653, at * 2 (internal citation omitted).

The Michigan Court of Appeals' rejection of petitioner's *ex post facto* claim was reasonable. The addition of the term "video" to the statute was simply a revision which clarified M.C.L.A. 750.145c, without altering it, to keep up with technological advances. Even without the addition of the term "video," petitioner could have been convicted under the old version of the statute for making films or electronic visual images of the victims. Because the amended version of the statute did not lessen the burden of proof or make it easier to convict petitioner, there was no violation of the *Ex Post Facto* Clause.

Petitioner further claims that the statue is void for vagueness.

The Supreme Court has indicated that "[t]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983). However, "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92

-17-

(1975)(citations omitted).  Therefore, with the exception of cases which involve First Amendment guarantees, a defendant bears the burden of establishing that the statute is vague as applied to his or her particular case, not merely that the statute could be construed as being vague in some hypothetical situation. *See United States v. Krumei,* 258 F.3d 535, 537 (6th Cir. 2001).

Applying the law to the facts of this case, this Court concludes that the nude depiction of children by use of videotaping clearly would constitute the production of child sexually abusive material.  Furthermore, the use of videotaping is a technical development similar to the prohibition against the use of electronic visual imaging in producing sexually abusive material listed in the original statue.  Petitioner's first claim is without merit.

### C.  Claim # 4.  The Transcript Claim.

Petitioner alleges that he was denied due process and equal protection when he was precluded from accessing his pre-trial and post-trial pleadings.

Petitioner's appellate counsel filed an appellate brief and a supplemental brief with the Michigan Court of Appeals, raising four claims for relief.  Petitioner filed his own *pro se* brief on appeal, in which he raised thirteen additional claims.  Petitioner claims that he was never provided with copies of the trial transcripts to assist him with preparing his *pro se* Standard 4 appeal brief.[5]

Petitioner fails to state a claim upon which relief can be granted.  A criminal defendant has no federal constitutional right to self-representation on direct appeal from

---

[5]Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry*, 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163
(2000). This is because the rights protected by the Sixth Amendment, including the
right to self-representation, are rights that are available to prepare for trial and at the
trial itself. However, the Sixth Amendment does not include any right to appeal. *Id.* at
160. The Supreme Court also rejected the idea that the right to self-representation on
appeal could be grounded in the Due Process Clause [of the Fourteenth Amendment],
because "[U]nder the practices that prevail in the Nation today, however, we are entirely
unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient
concern to conclude that a constitutional right of self-representation is a necessary
component of a fair appellate proceeding." *Martinez,* 528 U.S. at 161.

Therefore, there is no constitutional entitlement to submit a *pro se* appellate brief
on direct appeal from a criminal conviction in addition to a brief submitted by appellate
counsel. See *McMeans v. Brigano,* 228 F. 3d at 684. By accepting the assistance of
counsel, the criminal appellant waives his right to present *pro se* briefs on direct appeal.
*Myers v. Johnson*, 76 F. 3d 1330, 1335 (5th Cir. 1996); see also *Henderson v. Collins,*
101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); *aff'd in part, vacated in part on other grds*
262 F. 3d 615 (6th Cir. 2001)(defendant who was represented by counsel and also
sought to submit *pro se* brief upon appeal did not have right to such hybrid
representation). Because petitioner chose to be represented by appellate counsel, any
failure by the trial court or appellate counsel to provide petitioner with the trial transcripts
so that he could prepare his own *pro se* brief did not violate petitioner's constitutional
rights. See *U.S. v. Dierling*, 131 F.3d 722, 734, n. 7 (8th Cir. 1997); *Foss v. Racette*,
2012 WL 5949463, * 4 (W.D.N.Y. November 28, 2012); *Willis v. Lafler*, 2007

WL 3121542, * 18 (E.D. Mich. October 24, 2007).  Petitioner's fourth claim is without merit.

### D.  Claim # 7.  The Severance Claim.

Petitioner alleges that the trial court committed reversible error when it denied his pre-trial motion for severance.

Improper joinder does not, by itself, violate the federal constitution. *United States v. Lane,* 474 U.S. 438, 446, n. 8 (1986).  The Supreme Court in *Lane* suggested in passing that misjoinder could rise "to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.*  The Sixth Circuit has recently noted that this language in *Lane* concerning a court's failure to sever criminal charges is simply dicta and thus not clearly established federal law. See *Mayfield v. Morrow,* 528 Fed. Appx. 538, 541-42 (6th Cir. 2013). Because "'clearly established Federal law' for purposes of § 2254(d)(1) refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions[.],'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. at 412), the Sixth Circuit concluded that the petitioner could not rely on *Lane* to obtain habeas relief on his claim that he had been deprived of his right to a fair trial when the judge denied his motion to sever different rape charges. *Id.* The Ninth Circuit has likewise held that a habeas petitioner could not rely on the Supreme Court's dicta in *Lane* to obtain habeas relief on an improper misjoinder claim, particularly where that dicta was merely mentioned as a comment in a footnote of the opinion. See *Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010).  Another judge in this district, in rejecting a similar claim, indicated that he had "found no Supreme Court cases holding that a defendant in a criminal case has a constitutional right to a separate

trial on each of the charges against him." *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 560-61 (E.D. Mich. 2009)(Rosen, J.).

Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by joining together unrelated criminal charges in a single trial, the Michigan Court of Appeals' rejection of the petitioner's improper joinder claim was not an unreasonable application of clearly established federal law. See *Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006); See also *Comaduran v. Clark,* 452 Fed. Appx. 728, 728-29 (9th Cir. 2011)(California appellate court's rejection of robbery defendant's claim that trial court violated his right to due process by joining charges arising from three prior burglary-related incidents was not contrary to, nor an unreasonable application of, clearly established federal law, so as to entitle petitioner to habeas relief).

Such claims have typically been rejected by the Sixth Circuit even on direct review of federal criminal convictions.  The Sixth Circuit held that to establish prejudice from joinder, a defendant must point to specific evidence that the joinder was prejudicial and "an unproven assertion is not compelling evidence of actual prejudice." *U.S. v. Saadey*, 393 F. 3d 669, 679 (6th Cir. 2005).  A jury is presumed capable of considering each criminal count separately and any prejudice arising from trial of joined offenses may be cured by limiting instructions. *U.S. v. Cope*, 312 F. 3d 757, 781 (6th Cir. 2002). "Error based on misjoinder is almost always harmless where...the trial court issues a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder." *U.S. v. Cody*, 498 F. 3d 582, 587 (6th Cir. 2007).

"[U]nder Michigan law, severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." *Clark v. McLemore,* 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003)(citing M.C.R. 6.121(c)). "[T]here is no absolute right to a separate trial, and joint trials are strongly favored 'in the interest of justice, judicial economy and administration.'" *Id.* (quoting *People v. Etheridge*, 196 Mich. App. 43, 52; 492 N.W. 2d 490 (1992)).  Severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *People v. Hana*, 447 Mich. 325, 359-60; 524 N.W. 2d 682 (1994)).  Finally, under M.C.R. 6.120(B), a court must sever offenses that are not related as defined in MCR 6.120(B).  MCR 6.120(B) defines related offenses that are those "based on (1) the same conduct, or (2) a series of connected acts or acts constituting part of a single scheme or plan."

In the present case, it was not fundamentally unfair to join the 13 counts of child sexually abusive activity and two additional counts of CSC III charges against petitioner in a single trial because " joinder was an efficient use of resources." *Rodriguez v. Jones*, 625 F. Supp. 2d at 561.  All counts in the first case occurred during the winter of 1999. Petitioner's second, third and fourth cases contained additional charges for child sexually abusive activity, and the fifth case also contained the same charges with same fact patterns.  The evidence presented at trial established that from 1998 to 2005, petitioner lured various girls aged 14-17 into his house by allowing them to drink alcohol, smoke cigarettes, and ingest drugs at his house.  Petitioner also gave these girls alcohol, illegal substances, cell phones and money to pose nude, or recruit new girls to

-22-

pose nude for him.  Based on the evidence the Michigan Court of Appeals found that

the activity constituted "'part of a single scheme or plan' on defendant's part to engage

in an unbroken chain of sexually abusive activity with underage girls whenever the

opportunity arose." *People v. Adams*, 2008 WL 203653, at * 5

Because these events all took place in petitioner's home and within a short

period of time to one another, the state court's decision to join the 5 trials containing 15

counts together in one trial was reasonable. See e.g. *Conte v. Cardwell*, 475 F. 2d 698,

700 (6th Cir. 1973)(participation by state habeas corpus petitioner in successive prison

riots in the same institution separated in time by less than two months were sufficient

circumstances to permit joinder of offenses in an indictment and in a trial without

violation of due process.).

Petitioner was also not prejudiced by the joinder of the charges, because the

Michigan Court of Appeals indicated that much if not all of the same testimony would

have been admissible against petitioner at separate trials.  Because much of the same

evidence would have been admitted against petitioner at separate trials, petitioner was

not prejudiced by the joinder of the charges in this case. See *U.S. v. Jacobs,* 244 F. 3d

503, 507 (6th Cir. 2001); see also *Krist v. Foltz,* 804 F.2d 944, 947-48 (6th Cir.

1986)(although joinder of two robbery counts may have been improper, similarity in

details of the two robberies and their closeness in time would have made evidence of

one crime admissible at the separate trial of the other; therefore, the petitioner suffered

no prejudice from his counsel's failure to move for severance of the charges).

Finally, the trial judge gave the jurors a cautionary instruction, which advised

them that they "must consider each crime separately" and further that they "may find the

Defendant guilty of all, or any one, or any combination of these crimes or not guilty of all, or any combination." The trial court's cautionary instruction adequately cured any possible prejudice from the joinder of the separate charges at one trial. *Jacobs,* 244 F. 3d at 507.

Petitioner's seventh claim is without merit.

**E.  Claim # 8.  The sufficiency of evidence claim.**

Petitioner claims that there was insufficient evidence to convict him of the CSAA charges.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may

grant habeas relief only if the state court decision was an objectively unreasonable

application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).

"Because rational people can sometimes disagree, the inevitable consequence of this

settled law is that judges will sometimes encounter convictions that they believe to be

mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas

court reviewing a state court conviction, "the only question under *Jackson* is whether

that finding was so insupportable as to fall below the threshold of bare rationality."

*Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Petitioner argues that M.C.L.A. 750.145c requires the production of the alleged

videotapes of the sex acts between himself and the victims, and since no videotapes

were produced there was insufficient evidence to convict him of child sexually abusive

activity.

The Michigan Court of Appeals rejected petitioner's argument:

Despite defendant's contention to the contrary, MCL 750.145c does not
require that physical evidence (i.e.videotapes) of the illegal activity be
produced. Instead, the statute merely requires a showing that defendant
persuaded, induced, enticed, coerced, caused, or knowingly allowed an
individual under the age of 18 to partake in a listed sexual act (erotic
fondling or erotic nudity) for the purpose of producing a video, knowing or
having reason to know that the individual is under 18 years of age. MCL
750.145c

*People v. Adams*, 2008 WL 203653, at * 6.

The Michigan Court of Appeals further concluded that the prosecutor presented

sufficient evidence to sustain petitioner's convictions:

As previously discussed, numerous underage girls testified that defendant
induced, persuaded, enticed and coerced them into posing nude in erotic
positions while defendant videotaped them. In fact, defendant himself
testified that he knowingly videotaped underage girls posing naked, and

-25-

admitted that the videos existed until he taped over and/or physically destroyed them. Accordingly, viewing the evidence presented in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found that the essential elements of CSAA were proven beyond a reasonable doubt. MCL 750.145c.

*Id.*

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins,* 288 F.3d 855, 862 (6th Cir. 2002). Moreover, a federal court on habeas review must distinguish a sufficiency of evidence claim from state law claims which are disguised as *Jackson* claims. *Id.* This Court must therefore defer to the Michigan Court of Appeals' construction of the elements of state crimes. *See Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998).

The Michigan Court of Appeals determined that Michigan's child sexually abusive activity statute does not require the actual production of the videotapes of the sex acts between the defendant and the victims. This Court must defer to the Michigan Court of Appeals' construction of the elements of the child sexually abusive activity statute and therefore cannot grant habeas relief on any claim that the Michigan Court of Appeals misinterpreted M.C.L.A. 750.145c.

To the extent that petitioner claims that the evidence was insufficient because the victims' testimony was uncorroborated, he would not be entitled to relief.  Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is therefore generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

The fact that the victims' testimony was uncorroborated does not render the evidence in this case insufficient.  The testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F. 2d 1142, 1144-1145 (6th Cir. 1985).  The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's sexual assault conviction. *See United States v. Howard,* 218 F. 3d 556, 565 (6th Cir. 2000)(citing *Gilbert v. Parke,* 763 F. 2d 821, 826 (6th Cir. 1985)).  The victims' testimony that petitioner coerced them into being videotaped while they were nude and engaged in erotic positions while the victims were underage was sufficient to sustain petitioner's convictions, notwithstanding the lack of evidence to corroborate the victims' testimony. *See e.g. O'Hara v. Brigano,* 499 F. 3d 492, 500 (6th Cir. 2007).  Petitioner is not entitled to relief on his eighth claim.

### F.  Claim # 11. The sentencing guidelines claim.

Petitioner lastly contends that his sentencing guidelines were incorrectly scored.

-27-

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  January 4, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 4, 2016, by electronic and/or ordinary mail and also
on John Adams # 592579, Central Michigan Correctional
Facility, 320 N. Hubbard, St. Louis, MI 48880.


s/Barbara Radke
Deputy Clerk